UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Montez Barker, #277819, | ) | C/A No.: 5:16-cv-03934-MGL-KDW |
|---|---|---|
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Warden Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, proceeding pro se and *in forma pauperis*, brought a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. On March 7, 2017, Respondent filed a Return and Motion for Summary Judgment. ECF Nos. 17, 18. As Petitioner is proceeding pro se, the court entered an order on March 8, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the importance of such motions and of the need for him to file an adequate response. ECF No. 19. Petitioner was specifically advised that if he failed to respond adequately, Respondent's Motion may be granted, thereby ending Petitioner's case. The court instructed Petitioner to file a response no later than April 10, 2017. *Id.* Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Petitioner failed to respond to Respondent's Motion.

On April 13, 2017, and May 18, 2017, the undersigned granted Petitioner's Motions for extensions of time to file a Response.[1] ECF Nos. 22, 25. Petitioner failed to file a response by June 17, 2017, the deadline in the second order of extension. On July 11, 2017, the court ordered Petitioner to advise the court whether he wished to continue with the case

---

[1] Petitioner has alleged that the institution was on "lockdown" and therefore he was unable to file a response. The Court notes, however, that Petitioner has filed multiple requests for extensions.

and to file a response to the Motion for Summary Judgment by August 10, 2017. ECF No. 28. Petitioner filed no response. Thereafter, on August 16, 2017, the undersigned gave Petitioner a final extension of time, instructing him to file a Response on or before September 15, 2017. ECF No. 31. However, Petitioner still filed no response. As such, it appears to the court that he does not oppose Respondent's Motion and wishes to abandon this action. Based on the foregoing, the undersigned recommends Petitioner's action be dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

September 19, 2017                                                            Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**